UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PUTZMEISTER, INC.,
1733 90th Street
Sturtevant, Wisconsin 53177

      Plaintiff,

v.                                         Case No. 21-CV-356

POMPACTION, INC.,
119 Hymus Boulevard
Pointe-Claire, Quebec H9R 1E5
Canada,

      Defendant.

## COMPLAINT

Plaintiff Putzmeister, Inc. complains against Defendant Pompaction, Inc. for a determination of arbitrability and to collect a sum due, as follows:

### Parties

1. Plaintiff, Putzmeister, Inc. ("**Putzmeister**") is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 1733 90th Street, Sturtevant, Wisconsin 53177.

2. Putzmeister is engaged in the manufacture, sale, and servicing of material handling equipment including truck, trailer mounted, and stationary concrete pumps,

1

truck mounted telescoping conveyors, and similar equipment manufactured, sold, and serviced in Sturtevant, Wisconsin.

3. Defendant, Pompaction, Inc. ("**Pompaction**" or "**Distributor**") is a corporation organized and existing under the laws of the Province of Quebec, Canada and has its principal place of business at 119 Hymus Blvd., Pointe-Claire, Quebec H9R 1E5 Canada.

4. Pompaction also has a place of business in Monessen, Pennsylvania, U.S.A., but this is not Pompaction's principal place of business.

5. From at least January 1, 2006 to the present, Pompaction was engaged in the business of selling and servicing pumps and other equipment of the kinds manufactured by Putzmeister and others.

6. Putzmeister and Pompaction are parties to an Exclusive Distribution Agreement dated January 1, 2006 ("**Distribution Agreement**" or "**DA**") which defines the terms and conditions upon which Pompaction would be permitted to purchase Products manufactured and sold by Putzmeister and resell them within a defined territory in Canada. A true copy of the **Distribution Agreement** is attached as **Exhibit A** and incorporated by reference.

7. In this action, Putzmeister seeks to recover from Pompaction an amount in excess of Nine Hundred Twenty-Nine Thousand, Six Hundred Seventeen and 25/100ths U.S. Dollars ($929,617.25).

## Jurisdiction

8. For purposes of jurisdiction under 28 U.S.C. 1332(a), Putzmeister is a citizen of the States of Delaware and Wisconsin, and no other State.

9. For purposes of jurisdiction under 28 U.S.C. 1332(a), Pompaction is a citizen or subject of a foreign state, and is not a citizen of any State of the United States of America.

10. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of Delaware and Wisconsin, on one hand, and a citizen or subject of a foreign state, on the other.

11. If Pompaction is also deemed to be a citizen of the State of Pennsylvania, this Court also has jurisdiction under 28 U.S.C. §1332(a) because the controversy is between citizens of different states.

12. This Court has personal jurisdiction over Defendant because Pompaction consented to personal jurisdiction of the Federal Courts in Wisconsin "for all purposes" in §15.6 of the Distribution Agreement.

## Venue

13. In this action, Putzmeister seeks to recover more than Nine Hundred Twenty-Nine Thousand, Six Hundred Seventeen and 25/100ths U.S. Dollars ($929,617.25) owed by Pompaction for purchases of Products manufactured and sold in Wisconsin

by Putzmeister and delivered to Pompaction F.O.B. Sturtevant, Wisconsin, with title passing to Pompaction "when such Products are delivered to the carrier at such point." DA §3.3.

14. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) or (3) because it is a civil action brought in—

    a.    A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

    b.    There is no other district in which an action may otherwise be brought, but is a judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action.

## Count I:
## Money Owed and Due to Putzmeister from Pompaction

15. Pompaction ordered products from Putzmeister at various times through June 2019.

16. Under Distribution Agreement §3.4, "Unless otherwise agreed to in writing, payment in full shall precede the delivery of Products. If Putzmeister agrees … to deliver any Products prior to full payment for such Products, Distributor agrees [that]… Unless otherwise agreed in writing, Distributor shall pay Putzmeister's invoices net thirty (30) days after receipt of such invoices." Putzmeister's Invoices sometimes granted Pompaction 90 days to pay.

4

17. Pompaction did not pay for all of the Products it purchased from Putzmeister when payment was due, and more than 90 days have elapsed since the date of each unpaid invoice. All such amounts are overdue and Pompaction is in default for non-payment.

18. Putzmeister terminated the Distribution Agreement, effective July 17, 2019.

19. Distribution Agreement §14.4.3 provides that one consequence of termination is that "Putzmeister may—but shall not be obligated to—repurchase from Distributor any or all salable Products held by Distributor at the actual cost of the salable Products paid by Distributor to Putzmeister, based on a first-in, first-out basis."

20. After termination, Putzmeister agreed to repurchase from Pompaction certain salable Products at a price at least equal to that specified by Distribution Agreement §14.4.3. The dollar value of proceeds from such repurchases have been offset against the outstanding balance due from Pompaction to Putzmeister, leaving a net amount due and owing.

21. A a true and correct statement of Pompaction's account with Putzmeister showing the amounts invoiced to Pompaction, due dates, days in arrears, application of all payments received, and credits applied from repurchases, is attached as **Exhibit B** and incorporated by reference ("**Statement of Account**").

22. The Statement of Account shows that as a result of the foregoing invoices, payments, and credits, Pompaction owes Putzmeister the net principal amount of Seven Hundred Seventy-Five Thousand, Five Hundred Forty-Nine, and 08/100ths U.S. Dollars ($775,549.08) as of March 15, 2021 ("**Principal Amoun**t").

23. Under Distribution Agreement §3.5, "Distributor shall pay Putzmeister one percent (1%) interest per month (or the highest allowable rate of interest, whichever is less) on any overdue amounts owed by Distributor to Putzmeister."

24. Putzmeister's terms and conditions of sale and invoices for the Products referenced in the Statement of Account establish an interest rate of One-and-One-Half percent (1.5%) per month on past due amounts.

25. Properly calculated interest on the Principal Amount at the rate of one percent (1%) per month through March 15, 2021 is not less than One Hundred Fifty-Four Thousand Sixty-eight and 17/100ths US Dollars ($154,068.17) ("**Minimum Interest**").

26. The Statement of Account, or equivalent information showing the amount due for unpaid invoices contained in Exhibit B, was provided to Pompaction prior to commencement of this action.

27. Pompaction has not provided Putzmeister any objection to the Statement of Account or the Principal Amount stated therein.

6

28. No amount has been paid on Pompaction's account, except as reflected in the Statement of Account.

29. No credits are due on Pompaction's account for returns or repurchases of Products, except as reflected in the Statement of Account.

30. The total amount of Principal and Minimum Interest due from Pompaction to Putzmeister as of March 15, 2021 is not less than Nine Hundred Twenty-Nine Thousand, Six Hundred Seventeen and 25/100ths U.S. Dollars ($929,617.25) ("**Total Amount Due**").

31. All conditions precedent, if any, to Pompaction's obligation to pay the balance due, have occurred or been discharged.

32. The Total Amount Due is immediately due and payable.

33. Despite all due demand, Pompaction has failed and refused to pay all or any part of the Total Amount Due.

34. Under Distribution Agreement §15.7, "If Putzmeister prevails in any legal proceeding or alternative dispute resolution between the Parties under this Agreement, it shall be entitled to recover from the Distributor its costs and expenses in such proceeding or alternative dispute resolution, including, without limitation, reasonable attorney fees."

35. Putzmeister is entitled to a money judgment against Pompaction for the Total Amount Due plus interest from March 15, 2021 at the rate of at least One Percent

(1%) per month, a per diem of Twenty-One and 25/100ᵗʰ U.S. Dollars ($21.25) per diem, plus its costs and expenses, including reasonable attorney fees incurred to collect this debt.

## Count II

**Declaratory Judgment Regarding Arbitrability of this Dispute**

36. Distribution Agreement §15.8 provides:

> Any dispute arising out of this Agreement shall be resolved by binding arbitration before the American Arbitration Association in Milwaukee, Wisconsin … This term shall not, however, preclude legal action to enforce security interests and/or to take possession of equipment or collateral (which action shall not be subject to arbitration).

37. The Federal Arbitration Act, 9 U.S.C. §2, provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

38. Despite these provisions, it is unclear whether this dispute is subject to a binding agreement to submit this controversy to arbitration because Distribution Agreement §15.6 provides "any proceedings for the enforcement hereof shall be brought in any federal or state court located in Wisconsin." Upon information and belief, the parties disagree about which provision applies.

39. Plaintiff seeks a declaratory judgment under 28 U.S.C. §2201 as to whether the parties to the Distribution Agreement have made a commitment to submit the dispute which is the subject of this action to binding arbitration, and, upon a declaration that such binding commitment has been made, directing that this dispute be decided by binding arbitration as provided in the Distribution Agreement, unless waived.

WHEREFORE, Plaintiff requests that a judgment be entered as follows:

1. Determining and declaring whether this dispute is subject to a binding agreement between Putzmeister and Pompaction to arbitrate; and, if so, directing that this matter be resolved by arbitration as indicated in the Distribution Agreement, unless such rights are waived; or

2. If, and only if it is determined that this dispute is not subject to a binding agreement between Putzmeister and Pompaction to arbitrate, or that such binding agreement has been waived by both parties, entering a money judgment in favor of Putzmeister and against Pompaction for the Total Amount Due, plus additional interest, costs, and attorney fees, calculated through the date of judgment; and

3. For such other and further relief as this Court deems just and equitable.

**DATED** this 19th day of March, 2021.

By: /s/ *Mark F. Foley*
Mark F. Foley (SBN 1005627)
Email: mfoley@vonbriesen.com
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue
Suite 1000
Milwaukee, WI 53202
Telephone: (414) 287-1404
Facsimile: (414) 238-6520

*Attorneys for Plaintiff Putzmeister Inc.*

36119950_2.DOCXBob